**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **KAREN PAMELIA SHRIER** | § | Case No. 21-10458-hcm |
| Debtor | § | (Chapter 11) |
| | § | |

**APPLICATION FOR AUTHORITY**
**TO EMPLOY BARRON & NEWBURGER PC**
**COUNSEL FOR THE DEBTOR**

**If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the court, you must file your response with the clerk of the bankruptcy court within 21 days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE JUDGE OF SAID COURT:

Karen Pamelia Shrier (the "Debtor") hereby files this Application for Authority to Employ Barron & Newburger, PC ("BNPC") as Counsel to the Debtor (the "Application").

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Application pursuant to 11 U.S.C. § 327(a).

**Relief Requested**

2.  Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on June 3, 2021 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. This Court has not appointed a trustee or examiner; an official committee has been appointed.

3.  Pursuant to 11 U.S.C. § 327(a), Debtor requests the entry of an order authorizing the employment of BNPC as counsel to the Debtor in this Chapter 11 case.

4.  Debtor has selected BNPC as its counsel because of its extensive experience and knowledge and its established reputation in corporate reorganizations and debt restructurings under chapter 11 of the Bankruptcy Code and ability to litigate matters in bankruptcy court. Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor's interests in this bankruptcy case. A copy of BNPC's engagement agreement is attached as Exhibit A.

**Basis for Relief**

5.  Section 327(a) of the Bankruptcy Code authorizes a trustee to retain such counsel as necessary to carry out his duties as trustee:

> the trustee, with the court's approval, may employ, *one or more* attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a)(italics added).

6.  Debtor seeks to retain BNPC as its counsel pursuant to 11 U.S.C. § 327(a). Debtor believes that BNPC possesses the requisite resources and is both highly qualified and uniquely able to represent Debtor in this case.

7. Debtor contemplates that BNPC will render legal services to Debtor as needed throughout the case. The legal services that BNPC will render to Debtor may be summarized, in part, as follows: (i) advising Debtor of its rights, powers, and duties as a debtor-in-possession continuing to manage its assets; (ii) reviewing the nature and validity of claims asserted against the property of Debtor and advising Debtor concerning the enforceability of such claims; (iii) preparing on behalf of Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in the chapter 11 case; (iv) advising Debtor concerning and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers which may be filed in the chapter 11 case; (v) counseling Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents; (vi) performing all other legal services for and on behalf of Debtor which may be necessary and appropriate in the administration of the chapter 11 case and Debtor's business; and (vii) working with professionals retained by other parties in interest in this case to attempt to obtain approval of a consensual plan of reorganization for Debtor. The non-exclusive list of services described above is essential to Debtor's chapter 11 case.

8. Subject to the fee application process and this Court's approval, BNPC will charge Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered. The attorneys at BNPC who will primarily be providing services for Debtor in connection with this case, as well as their standard hourly rate: (i) Barbara Barron ($495.00 per hour); (ii) Stephen Sather ($500.00 per hour); Liara Silva ($350.00 per hour) and Gregory Friedman ($300.00 per hour). Other attorneys who may work on the case bill at rates ranging from $175.00 per hour to $475.00 per hour. The rate of each professional working on this case will be clearly reflected in the invoices and fee

applications. BNPC will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

9. The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors. To the extent possible, BNPC charges rates at (or usually below) the prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction. Accordingly, an individual attorney's rates in other cases may be lower or higher than those charged in this engagement, depending on the prevailing rates in the various jurisdictions.

10. The firm has not received compensation for any services rendered prior to the Petition Date. The firm received a retainer in the amount of $5,000.00. The retainer was paid by the Debtor from her funds. The Debtor applied $2,720.00 for pre-petition fees. A balance of $2,280.00 (after payment of the filing fee) remains. The retainer shall be held by the firm in its trust account until such time as the Court enters an order approving a fee application or otherwise directing payment of the funds. The retainer will serve as security for such fees and expenses as the Court approves after notice and a hearing (or, in the event that the case is dismissed, for such fees incurred by counsel during the representation).

11. To the best of Debtor's knowledge, other than in connection with this chapter 11 case, BNPC has no connection with Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth herein and/or in the Verified Statement of Stephen Sather (the "Sather Statement"), filed pursuant to Federal Rule of Bankruptcy Procedure 2014(a).

12. Based on the Sather Statement and Debtor's knowledge of its business, litigation and relations with creditors and other parties in interest, BNPC does not represent or hold any interest adverse to Debtor, its estate, creditors, equity security holders, or affiliates in the matters upon which BNPC is to be engaged, and BNPC is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

13. BNPC intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders entered by this Court with respect to the management of fees and expenses in this case.

WHEREFORE, Debtor respectfully requests that the Court (i) authorize Debtor to employ and retain BNPC to represent it as counsel in this chapter 11 case effective as of the petition date; and (ii) grant the Debtor such other legal and equitable relief to which it is entitled.

June 3, 2021.

Respectfully submitted,

Karen Pamelia Shrier

/s/Karen Pamelia Shrier
Karen Pamelia Shrier,

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail transmission on June 3, 2021, to all parties listed on the Service List attached to the filed copy of this Pleading and electronically by the Court's ECF system to all parties registered to receive such service.

/s/Stephen W. Sather
Stephen W. Sather

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **KAREN PAMELIA SHRIER** | § | Case No. 21-10458-hcm |
| Debtor | § | (Chapter 11) |
| | § | |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY BY THE ATTORNEY FOR DEBTOR

The undersigned attorney does hereby certify under penalty of perjury pursuant to Rule 2016(b) of the Bankruptcy Rules of Procedure:

1. That the compensation paid or promised to him for services to be rendered in connection with the case is as follows: Fees will be billed at the following rates:

    Attorneys       $275-500/hr.
    Support Staff   $40-100/hr.

The principal attorneys on the file will be Barbara Barron, Stephen Sather and Gregory M. Friedman. Mr. Sather bills at $500.00 per hour, Ms. Barron presently bills at a rate of $495.00 per hour and Mr. Friedman bills at $300.00 per hour.

2. The firm applied $2,720.00 to pre-petition services.

3. The firm received a retainer from the Debtor in the amount of $6,738.00 on May 21, 2021 for use in its bankruptcy. The retainer was paid by the Debtor. Such retainer constitutes a "security retainer" and the balance of $2,280.00 (after payment of the filing fee) will be held in the firm's trust account pending further order of the Court and payment from the Debtor in this case. The firm asserts a lien against such retainer for fees and expenses subject to Court approval.

4. That the source of such compensation is as follows: all fees will be paid first from the estate pursuant to court approval and, if not from the estate, from the retainer.

5. That affiant has not shared nor agreed to share such compensation with anyone except shareholders and associates of his firm.

EXECUTED ON THIS THE 3rd DAY OF JUNE 2021.

By:  _Stephen W. Sather_
STEPHEN W. SATHER

APPROVED:

Karen Pamelia Shrier

By: _/s/Karen P. Shrier_____
    Karen Pamelia Shrier,

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| **KAREN PAMELIA SHRIER** | § | Case No. 21-10458=hcm |
| Debtor | § § § | (Chapter 11) |

## DECLARATION OF PROPOSED ATTORNEYS

1. "I am an attorney licensed to practice in the State of Texas and maintain offices at 7320 N. MoPac Expwy., Suite 400, Austin, TX 78731. I am an attorney with the firm of Barron & Newburger, P.C. (BNPC).

2. BNPC has been engaged to represent Karen Pamelia Shrier

3. I performed a search of the conflicts database for BNPC. I reviewed the results of the conflicts search and also made my own independent review of the list of creditors.

4. I do not have any interest adverse to the Bankruptcy estate set forth above in the matters upon which the firm is to be employed. To the best of my knowledge, I have no connection with the United States Trustee or any person employed at the office of the United States Trustee which would establish an interest adverse to the bankruptcy estate. I reserve the right to supplement this Affidavit if I become aware of any potential conflicts and will notify the Court immediately upon discovery of such information.

5. I am aware of the following connections which should be disclosed pursuant to Fed.R.Bankr.Pro. 2014:

    a    Debtor: Barron & Newburger, P.C. was retained to represent Karen Shrier on May 7, 2021.

    b    Creditors: None

    c.    Other: N/A

    d.    U.S. Trustee: I am not aware of any connections with the U.S. Trustee or any person employed by the U.S. Trustee except that Barbara Barron and I knew and worked on cases involving Deborah Bynum when she was in private practice, although we did not work in the same firm.

    e.    Attorneys: I do not know which attorneys may appear in the case.

4. Based upon the foregoing, I believe that the firm is a disinterested person within the meaning hof Sections 101(14) and 327 of the Bankruptcy Code.

5. I declare the above and foregoing to be true and correct under penalty of perjury.

*/s/Stephen W. Sather*
Stephen W. Sather

**BARRON & NEWBURGER, P.C.**

## LEGAL SERVICES AGREEMENT

**KAREN SHRIER** ("Client") hereby enters into this agreement with **BARRON & NEWBURGER, P.C.** ("Attorney") to provide the necessary legal services described herein.

1. The purpose of the representation is to file and pursue a proceeding under the United States Bankruptcy Code in order to reorganize Client's finances.

2. Attorney shall represent the interests of Client in fulfilling its responsibilities under the United States Bankruptcy Code. Attorney shall not represent the interest of any officer, director, shareholder or employee of Client or any person providing funds for a retainer or guaranteeing payment of Attorney's fees and expenses.

3. The terms of this agreement are subject to approval by the United States Bankruptcy Court. Attorney shall make all disclosures required by the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and any applicable local rules or procedures.

4. All fees and expenses to be paid under this agreement during the pendency of the Chapter 11 bankruptcy proceeding shall be subject to approval by the United States Bankruptcy Court. In the event that a plan of reorganization is confirmed or the case is dismissed, Attorney shall not be required to seek court approval for fees and expenses incurred after such date.

5. Client agrees to pay Attorney for its services at the firm's regular hourly rates subject to bankruptcy court approval. The principal attorneys to work on the file will be Barbara Barron and Stephen Sather. Ms. Barron and Mr. Sather currently bill at the rate of $500.00 per hour or $335.00 each when both Ms. Barron and Mr. Sather participate in the same hearing or meeting. Other attorneys in the firm bill at the rate of $275.00-$495.00 per hour. Legal assistants bill at the rate of $75.00-$100.00 per hour.

6. Client agrees to reimburse Attorney for out of pocket expenses incurred, including but not limited to filing fees, travel expenses, parking, photocopies, postage, depositions and subpoenas. Expenses shall be reimbursed at the amount incurred by Attorney except for photocopies which shall be billed at the rate of $.10 per page. Attorney does not charge for online legal research, long distance telephone or fax transmissions.

7. To secure the payment of fees and expenses provided herein, Client has paid a retainer to Attorney in the amount of $5,000 + the filing fee of $1,738.00. Attorney may transfer funds from the retainer to pay for fees and expenses incurred prior to bankruptcy. All other sums shall be held in the firm's IOLTA trust account until either a Court order is entered approving the payment of fees subject to the provisions of para. 4 above.

8. Client hereby grants Attorney a lien upon the funds held as a retainer as security for payment of Attorney's fees.

Phone: (512) 476-9103 | Fax: (512) 279-0310 | 7320 N. MoPac Expy., Suite 400 | Austin, TX 78731  bn-lawyers.com

# BARRON & NEWBURGER, P.C.

9. Attorney may terminate this engagement under the following circumstances: (a) with the consent of Client; (b) in the event that Client refuses to honor its obligations under the United States Bankruptcy Code or other applicable law or under this Agreement; (c) in the event that Client refuses to cooperate with Attorney in pursuing the objectives of the representation; (d) if Client fails to perform under the terms of this Agreement; (e) if Attorney is required to withdraw under the ethical rules applicable to attorneys or (f) upon the conclusion of the representation; provided, however, that Attorney may not withdraw from an active court proceeding without permission from the Court.

10. If this Agreement is enforced through any legal proceedings, the prevailing party shall be entitled to recover reasonable fees and expenses incurred.

11. This Agreement is performable in Travis County, Texas and shall be construed pursuant to the laws of the State of Texas and/or the United States as the same may apply.

12. This Agreement constitutes the entire agreement of the parties.

EXECUTED this 7th day of May, 2021.

**CLIENT**
**KAREN SHRIER**

*[signature: Karen Shrier]*
_____

**ATTORNEY**
**Barron & Newburger, P.C.**

/s/Stephen W. Sather
_____

**Contact Info:**

Address: _____

_____

Email: _____

Phone: _____

**Billing Contact Info:**

Name: _____

Address: _____

_____

Email: _____

Phone: _____

# BARRON & NEWBURGER, P.C.

## LEGAL SERVICES AGREEMENT

**KAREN SHRIER** ("Client") hereby enters into this agreement with **BARRON & NEWBURGER, P.C.** ("Attorney") to provide the necessary legal services described herein.

1. The purpose of the representation is to file and pursue a proceeding under the United States Bankruptcy Code in order to reorganize Client's finances.

2. Attorney shall represent the interests of Client in fulfilling its responsibilities under the United States Bankruptcy Code. Attorney shall not represent the interest of any officer, director, shareholder or employee of Client or any person providing funds for a retainer or guaranteeing payment of Attorney's fees and expenses.

3. The terms of this agreement are subject to approval by the United States Bankruptcy Court. Attorney shall make all disclosures required by the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and any applicable local rules or procedures.

4. All fees and expenses to be paid under this agreement during the pendency of the Chapter 11 bankruptcy proceeding shall be subject to approval by the United States Bankruptcy Court. In the event that a plan of reorganization is confirmed or the case is dismissed, Attorney shall not be required to seek court approval for fees and expenses incurred after such date.

5. Client agrees to pay Attorney for its services at the firm's regular hourly rates subject to bankruptcy court approval. The principal attorneys to work on the file will be Barbara Barron and Stephen Sather. Ms. Barron and Mr. Sather currently bill at the rate of $500.00 per hour or $335.00 each when both Ms. Barron and Mr. Sather participate in the same hearing or meeting. Other attorneys in the firm bill at the rate of $275.00-$495.00 per hour. Legal assistants bill at the rate of $75.00-$100.00 per hour.

6. Client agrees to reimburse Attorney for out of pocket expenses incurred, including but not limited to filing fees, travel expenses, parking, photocopies, postage, depositions and subpoenas. Expenses shall be reimbursed at the amount incurred by Attorney except for photocopies which shall be billed at the rate of $.10 per page. Attorney does not charge for online legal research, long distance telephone or fax transmissions.

7. To secure the payment of fees and expenses provided herein, Client has paid a retainer to Attorney in the amount of $5,000 + the filing fee of $1,738.00. Attorney may transfer funds from the retainer to pay for fees and expenses incurred prior to bankruptcy. All other sums shall be held in the firm's IOLTA trust account until either a Court order is entered approving the payment of fees subject to the provisions of para. 4 above.

8. Client hereby grants Attorney a lien upon the funds held as a retainer as security for payment of Attorney's fees.

# BARRON & NEWBURGER, P.C.

9. Attorney may terminate this engagement under the following circumstances: (a) with the consent of Client; (b) in the event that Client refuses to honor its obligations under the United States Bankruptcy Code or other applicable law or under this Agreement; (c) in the event that Client refuses to cooperate with Attorney in pursuing the objectives of the representation; (d) if Client fails to perform under the terms of this Agreement; (e) if Attorney is required to withdraw under the ethical rules applicable to attorneys or (f) upon the conclusion of the representation; provided, however, that Attorney may not withdraw from an active court proceeding without permission from the Court.

10. If this Agreement is enforced through any legal proceedings, the prevailing party shall be entitled to recover reasonable fees and expenses incurred.

11. This Agreement is performable in Travis County, Texas and shall be construed pursuant to the laws of the State of Texas and/or the United States as the same may apply.

12. This Agreement constitutes the entire agreement of the parties.

EXECUTED this 7th day of May, 2021.

**CLIENT**
**KAREN SHRIER**

*(signature)*

**ATTORNEY**
**Barron & Newburger, P.C.**

/s/Stephen W. Sather

---

**Contact Info:**

Address: _____

_____

Email: _____

Phone: _____

**Billing Contact Info:**

Name: _____

Address: _____

_____

Email: _____

Phone: _____

Phone: (512) 476-9103 | Fax: (512) 279-0310 | 7320 N. MoPac Expy., Suite 400 | Austin, TX 78731 | bn-lawyers.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 21-10458-hcm<br>Western District of Texas<br>Austin<br>Thu Jun  3 16:49:32 CDT 2021 | United States Trustee (SMG111)<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| Donald G. Hobbs<br>c/o Georgia Z. Schneider, Esq.<br>2792 Gateway Road, Suite 102<br>Carlsbad CA 92009-1749 | Internal Revenue Service<br>Specialized Insolvency Office<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 | Jack S. Hobbs<br>c/o Georgia Z. Schneider, Esq.<br>2792 Gateway Road, Suite 102<br>Carlsbad CA 92009-1749 |
| Raymond L. Cordeiro<br>c/o PLM Loan Management Services, Inc<br>46 N. Second Street<br>Campbell, CA 95008-2026 | Rushmore Loan Management<br>PO Box 55004<br>Irvine CA 92619-5004 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| Karen Pamelia Shrier<br>321 Limestone Terrace<br>Jarrell, TX 76537-1292 | Stephen W. Sather<br>Barron & Newburger, P.C.<br>7320 N MoPac Expy<br>Suite 400<br>Austin, TX 78731 | End of Label Matrix<br>Mailable recipients   10<br>Bypassed recipients    0<br>Total                 10 |